IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-47-JPG |
| ) | |
| MICHAEL BAXTON, JR., ) | |
| and CITY of EAST ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brought this action while he was a detainee in the St. Clair County Jail. His claim arose during his arrest on November 13, 2012. Plaintiff claims that Defendant Baxton, an East St. Louis police officer, used excessive force against him after a traffic stop.

In his complaint, Plaintiff states that he was a passenger in a car that was involved in a high-speed chase after the driver turned the wrong way onto a one-way street (Doc. 1, p. 5). Defendant Baxton was the driver of a police car which pursued Plaintiff's vehicle. Defendant Baxton's vehicle rammed Plaintiff's car, and police fired shots at the vehicle. Plaintiff's car crashed and the driver fled on foot. Defendant Baxton ordered Plaintiff out of the car, hit Plaintiff in the head with his gun, and demanded that Plaintiff tell him the name of the car's driver (Doc. 1, p. 6). Defendant Baxton put his gun under Plaintiff's chin and threatened to blow Plaintiff's head off, and punched Plaintiff in the face. Plaintiff ran away and shots were fired at him. He was tackled by Defendant Baxton, who handcuffed him behind his back, then kicked

Plaintiff in the side (Doc. 1, pp. 6-7).  On the way to the police station, Defendant Baxton continued to threaten him with a beating.  At the station, Defendant Baxton punched Plaintiff in the head, face, and body while demanding the driver's name, until another officer pulled Defendant Baxton away (Doc. 1, p. 7).  Defendant Baxton then grabbed Plaintiff's handcuffs, slammed Plaintiff face down onto the cell floor, and kicked him in the side.

Plaintiff asserts that Defendant City of East St. Louis, the employer of Defendant Baxton, failed to adequately train Defendant Baxton (Doc. 1, pp. 9-11).  Defendant City of East St. Louis acted with deliberate indifference to Plaintiff's constitutional rights, because it knew of Defendant Baxton's unconstitutional use of force due to repeated complaints about him including another excessive force lawsuit, yet retained him as a police officer.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Baxton for excessive force (Count 1) and against Defendant City of East St. Louis for failure to train its officers and deliberate indifference to Plaintiff's constitutional rights (Count 2).

**Disposition**

The Clerk of Court shall prepare for Defendants **BAXTON** and **CITY of EAST ST. LOUIS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 4, 2013

s/ J. Phil Gilbert
United States District Judge