IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY GLOVER,

        Plaintiff,

    vs.

MICHAEL BAXTON, JR. and CITY OF
EAST ST. LOUIS IL,

        Defendant.

Case No. 13-cv-47-JPG

**MEMORANDUM AND ORDER**

      This matter comes before the Court on plaintiff Johnny Glover's motion for relief from judgment (Doc. 35) which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, the Court denies Glover's motion.

      In its referral order, the Court found that Glover had stated an excessive force claim against defendant Baxton and failure to train and deliberate indifference claims against defendant City of East St. Louis, IL. The Court ordered Glover to make monthly installment payments of 20% of his preceding month's income credited to his prison trust fund account until the $350.00 filing fee was paid in full. Glover failed to make those payments. As such, on November 6, 2013, Magistrate Judge Philip M. Frazier entered an order to show cause ordering Glover to show cause why this case should not be dismissed for failure to make the monthly installment payments. Glover failed to respond to Magistrate Judge Frazier's show cause order. Accordingly, on December 3, 2013, Magistrate Judge Frazier entered a Report and Recommendation (R & R) recommending the Court dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The R & R was mailed to Glover along with

a notice informing him he could file objections to the R & R within fourteen days of service. Glover failed to file any objections. On December 26, 2013, this Court adopted Magistrate Judge Frazier's R & R, dismissed this case, and entered judgment against Glover. Glover now asks the Court to reconsider its order dismissing his case arguing excusable neglect in that he "was not aware nor sure of the necessary next step to save this matter from being closed" (Doc. 35, p. 6).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

One reason for reconsideration listed in Rule 60(b) is excusable neglect. Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter*

*of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361. However, ignorance of the law or an inability or refusal to read and comprehend the plain language of federal rules is not excusable neglect, even if the litigant is proceeding *pro se*. *Prizevoits*, 76 F.3d at 133 (citing *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)); *United States v. Dumont*, 936 F.2d 292, 294-95 (7th Cir. 1991); *see Pioneer,* 507 U.S. at 391- 92.

Here, Glover argues that his lack of knowledge of how to save his case from dismissal after entry of the R & R entitles him to reconsideration based on excusable neglect. Considering that the Court mailed Glover a notice informing him he could file objections to the R & R within fourteen days, the Court doubts that Glover lacked such knowledge. Nevertheless, Glover's ignorance of the rules requiring him to file an objection to the R & R if he was in disagreement with its recommendation does not constitute excusable neglect within the meaning of Rule 60(b).

Accordingly, the Court **DENIES** Glover's motion (Doc. 35).

**IT IS SO ORDERED.**

**DATED:** March 20, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**